IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROADGET BUSINESS PTE. LTD.**, a private limited company organized in the country of Singapore,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO**<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:23-cv-17036<br><br>Judge: Hon. Sara L. Ellis |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER[1]**

---

[1] This opposition is filed by the Defendants listed on Defendants' Emergency Opposed Motion to Dissolve or Modify the TRO. *See* ECF No. 27 at n.1.

1

Plaintiff Roadget Business PTE. LTD. initiated this "Schedule A" copyright infringement action and then immediately sought and obtained an *ex parte* TRO (under seal) freezing **all financial accounts** owned by dozens of online retail stores that sell products on the Temu.com e-commerce platform, providing the merchant defendants with no opportunity to defend against the allegations. ECF No. 12. Plaintiff has filed several nearly identical *ex parte* TRO proceedings against Temu merchants, each filed within weeks of each other.[2]

The TRO in this case issued on Jan. 19, 2024, and third party Temu produced the relevant sales data and frozen-funds data on Jan. 28, 2024. Thereafter, Defendants' counsel promptly engaged in a telephonic meet and confer with Plaintiff's counsel regarding Defendants' contemplated Emergency Motion to Dissolve or Modify the TRO, which Defendants thereafter filed on Jan. 30, 2024. *See* ECF No. 27 (sealed memorandum in support of the Emergency Motion to Dissolve or Modify the TRO). The basis for the Emergency Motion to Dissolve or Modify the TRO is that the sales and frozen funds data produced by Temu per the TRO confirms that the asset freeze—currently freezing the entire balance of any and all of Defendants' financial accounts—is overbroad in view of the actual sales and estimated profits at issue, warranting either dissolution of the TRO or modification to conform with the law. *See id*. at 3–7. And two merchants who are now subject to two seperate TRO asset freezes obtained by Plaintiff on the same funds, have raised additional grounds for immediate dissolution of the TRO by reason of Plaintiff's having presented a misleading record when it sought the TRO. *See id*. at 7–8.

Despite the production of the data by Temu and the pending Emergency Motion to Dissolve or Modify the TRO raising fundamental grounds warranting either dissolution or modification of

---

[2] The three other actions: *Roadget Business PTE. LTD. v. Individuals et al. on Schedule A*, No. 23-cv-16262 (N.D. Ill. Nov. 27, 2023) (Hon. Jeffrey I. Cummings); *Roadget Business PTE. LTD. v. Individuals et al. on Schedule A*, No. 24-cv-115 (N.D. Ill. Jan. 4, 2024) (Hon. Elaine J. Bucklo); *Roadget Business PTE. LTD. v. Individuals et al. on Schedule A*, No. 24-cv-607 (N.D. Ill. Jan. 23, 2024) (Hon. Lindsay C. Jenkins).

the TRO, Plaintiff has now moved to extend the TRO on the grounds the "circumstances have not [] changed." ECF No. 29-1 at 3. But a lot has changed, and Plaintiff has failed to demonstrate the required good cause to support its eleventh-hour request.

*First*, 16 defendant merchants have appeared in the action and promptly sought to dissolve the TRO, which is a motion that should be given preference, as opposed to being disregarded in favor of Plaintiff's last-minute extension request. *See* Fed. R. Civ. P. 65(b)(1) ("On 2 days' notice to the party who obtained the [TRO] without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the [TRO]. The court must then hear and decide the motion as promptly as justice requires."). In seeking its request to extend the TRO, Plaintiff notably did not even attempt to respond to the issues raised in Defendants' Emergency Motion to Dissolve or Modify TRO.

*Second*, Plaintiff and Defendants received the Temu sales data four days ago (Jan. 28, 2024), which plainly provides the amounts frozen and the sales data for the accused products. Plaintiff claims it "needs additional time to review this data," ECF No. 29-1, but does not explain why. The data straightforwardly provides, for example, that several Defendants made *zero sales* of the accused products. There is nothing to analyze for those Defendants. The TRO should be dissolved for those Defendants since there is no basis for seeking an asset freeze (let alone extending one). The data also plainly shows that the amounts frozen across all Defendants is over 10 times the amount of sales revenue generated from the accused products—and nearly 100 times more than the estimated profits from the accused products—warranting some form of immediate modification of the TRO asset freeze from its current indiscriminate scope.

*Lastly*, the entire premise for Plaintiff's request for the asset freeze—generalized stereotype-driven speculation that foreign defendants will abscond with the funds rather than appear and

defend against the charges—is belied by the fact that Defendants have retained counsel, appeared in the case, raised an emergency challenge to the TRO based on the Temu data, and have indicated that they plan to file a broader challenge, along with substantive defenses to Plaintiff's claims. *See* ECF No. 27 at 2.

In view of these clear changes in circumstances, Plaintiff should not be able to obtain a blanket extension of its *ex parte* TRO. The changed circumstances no longer justify the current TRO and certainly not the breadth of the asset freeze. Plaintiff has therefore failed to show "good cause" to extend the current TRO and asset freeze, and Plaintiff's motion should be denied.


Dated: February 1, 2024                                        Respectfully Submitted,

/s/    Christopher J. Fahy


Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

*Counsel for Defendants*

4

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*
*Pro hac vice* forthcoming


William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

*Counsel for Defendants*
*Appearance forthcoming*