**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | Case No.: 1:23-cv-17036<br><br>Judge Sara L. Ellis |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS OF DEFENDANT ANFAN GE

Plaintiff Roadget Business PTE. LTD., ("Roadget") by its attorneys, hereby reassert as if fully set forth herein each of the paragraphs of Plaintiff's Complaint [Dkt. 7]. Pages 1 through 10 of Defendant Anfan Ge's Answer and Affirmative Defenses to Plaintiff's Complaint and Counterclaims Against Plaintiff [Dkt. 57] contains Defendant's answers to Plaintiff's complaint, and therefore do not require a response. To the extent that a response is required, Roadget denies any allegations therein. Roadget answers the counterclaims of Defendant Anfan Ge using the paragraph numbers of Defendant's counterclaims, [Dkt. 57 at 10-16], as follows:

**COUNT I: DECLARATORY JUDGMENT THAT PLAINTIFF'S ASSERTED COPYRIGHT IS INVALID AND/OR UNENFORCEABLE[1]**

1. Plaintiff has sued Defendant for copyright infringement of Plaintiff's Asserted Copyright, claiming its rights therein are valid and enforceable. An actual case or controversy exists concerning whether Plaintiff's Asserted Copyright is valid and/or enforceable.

**ANSWER:**. Plaintiff admits that it has sued Defendant Anfan Ge for copyright infringement, and asserts that its rights are valid and enforceable. The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied, and Plaintiff expressly denies that an actual case or controversy exists concerning whether Plaintiff's Asserted Copyright is valid and/or enforceable.

2. Plaintiff (and/or the original author of Plaintiff's Asserted Copyright) had access to hundreds of skeleton hands in the "hang loose" or "shaka" gesture images published online ("Shaka Hands Images"), which are substantially similar to the Plaintiff's Asserted Copyright. On information and belief, numerous of these Shaka Hands Images were published prior to the creation and/or publication of Plaintiff's Asserted Copyright. None of the Shaka Hands Images are disclosed, disclaimed, or excluded in Plaintiff's Asserted Copyright.

**ANSWER:** Denied.

3. Plaintiff (and/or the original author of Plaintiff's Asserted Copyright) had access to hundreds of skull images published online ("Skull Images"), which are substantially similar to the Plaintiff's Asserted Copyright. On information and belief, numerous of these Skull Images were published prior to the creation and/or publication of Plaintiff's Asserted Copyright. None of the Skull Images are disclosed, disclaimed, or excluded in Plaintiff's Asserted Copyright.

**ANSWER:** Denied.

[1] Plaintiff has copied the Defendant's headings verbatim for the ease of reading only.

4. For example, the "Skeleton Shaka Sign" developed by SVG Vector Monster (available at www.etsy.com/listing/1034268576/skull-svg-skeleton-shaka-sign-svg), on information and belief, was published prior to the creation and/or publication of Plaintiff's Asserted Copyright and is substantially similar to Plaintiff's Asserted Copyright. Further, the "Skeleton Rock Sign" (available at www.etsy.com/listing/1034257948/skull-svg-skeleton-rockhorns-svg) and the "Skeleton Shaka Hands" (available at www.etsy.com/listing/1034259756/shaka-skeleton-hand-sign-svg-shaka-patch) developed by SVG Vector Monster were both published prior to the creation and/or publication of Plaintiff's Asserted Copyright and are substantially similar to Plaintiff's Asserted Copyright. The Skeleton Shaka Sign, the Skeleton Rock Sign, and the Skeleton Shaka Hands are not disclosed, disclaimed, or excluded in Plaintiff's Asserted Copyright. The Skeleton Shaka Sign, the Skeleton Rock Sign, and the Skeleton Shaka Hands are shown below, next to Plaintiff's Asserted Copyright.

**[IMAGES OMITTED]**

**ANSWER:** Plaintiff is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies the allegations.

5. The Compendium of U.S. Copyright Office Practices, Third Edition required Plaintiff to exclude from its claim for Plaintiff's Asserted Copyright all unclaimable material, including "Previously Published Material," "Public Domain Material," and all "Copyrightable Material That Is Owned by a Third Party" ("Prior Works"). Compendium at §§ 503.5(A), (C), and (D).

**ANSWER:** The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, all allegations in Paragraph 5 are denied.

6. Plaintiff was required to exclude from its claim for Plaintiff's Asserted Copyright

all Prior Works from which Plaintiff's Asserted Copyright "contains an appreciable amount of unclaimable material." Compendium at § 507.2.

**ANSWER:** The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, all allegations in Paragraph 6 are denied.

7. Each of the Shaka Hands Images constitutes at least an appreciable amount of unclaimable material in Plaintiff's Asserted Copyright that was not excluded from Plaintiff's Asserted Copyright.

**ANSWER:** Denied.

8. Each of the Skull Images constitutes at least an appreciable amount of unclaimable material in Plaintiff's Asserted Copyright that was not excluded from Plaintiff's Asserted Copyright.

**ANSWER:** Denied.

9. The Skeleton Shaka Sign constitutes at least an appreciable amount of unclaimable material in Plaintiff's Asserted Copyright that was not excluded from Plaintiff's Asserted Copyright.

**ANSWER:** Denied.

10. The Copyright Office provides a tutorial that instructs applicants on filing an application. Therein, the Copyright Office provides the applicant with video and audio instructions for "Limitation of Claim." It states "[i]f the work you're registering contains material that has been previously published, is in the public domain or has been previously registered with the Copyright Office, complete the Limitation of Claims screen to identify the preexisting material that should be excluded from this claim and the new material that should be

included in the claim." Plaintiff provided incorrect information in the "Limitation of Claim" portion of its application for Plaintiff's Asserted Copyright by failing to list the Prior Works.

**ANSWER:** Plaintiff admits that the Copyright Office provides information to applicants regarding the filing of copyright applications but otherwise denies the allegations of Paragraph 10.

11. Because of the clear guidance provided by the Copyright Office to aid Plaintiff, Plaintiff's inclusion of inaccurate material in its application for Plaintiff's Asserted Copyright was made knowingly or with willful blindness.

**ANSWER:** Denied.

12. Upon information and belief, the inaccuracy of the information in Plaintiff's application for Plaintiff's Asserted Copyright, if known, would have caused the Register of Copyrights to refuse registration.

**ANSWER:** Denied.

**COUNT II: DECLARATORY JUDGMENT THAT PLAINTIFF'S ASSERTED COPYRIGHT IS UNORIGINAL**

13. Defendant hereby incorporates by reference Counterclaim Paragraphs 1-12.

**ANSWER:** Plaintiff incorporates by reference its answers to Paragraphs 1-12.

14. Plaintiff's Asserted Copyright does not extend to any of the Prior Works.

**ANSWER:** The allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, all allegations in Paragraph 14 are denied.

15. Plaintiff's Asserted Copyright does not extend to any part of the work that employs preexisting material in which copyright subsists and for which Plaintiff did not obtain the right to use such material lawfully.

**ANSWER:** The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, all allegations in Paragraph 15 are denied.

16. Because Plaintiff's Asserted Copyright must exclude the Prior Works and all preexisting material in which copyright subsists and for which Plaintiff did not obtain the right to employ such material lawfully, what remains of Plaintiff's Asserted Copyright is insufficiently original for protection under Copyright Law.

**ANSWER:** The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, all allegations in Paragraph 16 are denied.

**Defendant/Counterclaimant Anfan Ge's Prayer for Relief**

The "WHEREFORE" paragraph and subparagraphs A-I following Paragraph 16 state Anfan Ge's Prayer for Relief, to which no response is required. To the extent a response is required, Plaintiff denies that Anfan Ge is entitled to any of the relief sought in the Prayer for Relief, or to any relief whatsoever.

**Prayer for Relief**

Wherefore, Plaintiff prays that Defendant Anfan Ge take nothing by the counterclaims, and that Plaintiff be awarded judgment in this action, and costs of suit incurred herein.

(A) An order dismissing each of Anfan Ge's counterclaims, with prejudice, and denying all relief sought by Anfan Ge.

(B) A judgment that Anfan Ge has infringed the Asserted Copyright, VA 2-315-495.

(C) An award of Plaintiff's costs and expense in this action; and

(D) Such relief and other relief as this court may deem just and proper.

Dated: March 13, 2024

Respectfully submitted,

/s/ *Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com

*Counsel for Plaintiff*
*Roadget Business Pte. Ltd.*