IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>Defendants. | Case No.: 1:23-cv-17036<br><br>**Judge Sara L. Ellis** |

ROADGET'S RESPONSE TO DEFENDANT'S MOTION
FOR REFERRAL TO THE REGISTER OF COPYRIGHTS

**INTRODUCTION**

Defendant Shandong Tahai Network Technology Co., Ltd. ("Defendant")'s motion for referral to the Register of Copyrights is another in a line of tactics to distract from its copyright infringement. This time, Defendant seizes on an inadvertent error in the Swag Bear registration certificate, which designated the wrong one of two corporate affiliates as owner when the assignment agreement transferring ownership between them had not yet been fully executed at the time of filing. Defendant requests referral of the inaccuracy to the Register of Copyrights pursuant to 17 U.S.C. § 411(b). But Defendant has not shown that Roadget had legal and factual knowledge of the inaccuracy, which, in this Circuit, is a prerequisite to referral to the Register of Copyrights. The Seventh Circuit has noted § 411(b)'s "obvious potential for abuse" by infringers as a delay tactic—and Defendant's motion is a textbook example of that abuse.

**LEGAL STANDARD**

A valid copyright registration entitles the holder to sue for infringement of a copyrighted work. 17 U.S.C. § 411(a). Minor or inadvertent errors on a registration certificate do not defeat its validity. Rather, a statutory safe harbor protects the copyright holder: an inaccuracy will not invalidate the certificate unless (A) the inaccurate information was included "with knowledge that it was inaccurate," and (B) the inaccuracy, if known, "would have caused the Register of Copyrights to refuse registration." *Id.* § 411(b)(1). A party can move the Court to consult the Register as to whether the Register would have refused registration based on an inaccuracy. *Id.* § 411(b)(2). As part of such a motion, the movant "should demonstrate that (1) the registration application included inaccurate information; and (2) the registrant *knowingly* included the inaccuracy in his submission to the Copyright Office." *DeliverMed Holdings LLC v. Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013) (emphasis added). The Supreme Court has interpreted the word "knowingly" to encompass knowledge of the law as well as the facts,

1

meaning that neither mistakes of law nor mistakes of fact invalidate copyright registrations. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 182 (2022).

**ARGUMENT**

I. **To Justify Referral to the Register of Copyrights, Defendant Must First Establish the Registration Inaccuracy Was Made Knowingly.**

The safe harbor in 17 U.S.C. § 411(b) exists to protect copyright holders, not infringers. *Unicolors*, 595 U.S. at 187. Congress enacted the provision to prevent infringers from exploiting inadvertent or minor registration errors to evade enforcement of an otherwise valid copyright. *Id.* It provides that no error will defeat validity unless it is both material and introduced knowingly. Knowledge is a question for the courts, but materiality—whether the asserted inaccuracy would have made a difference—is best assessed by the Copyright Office itself. To that end, Congress provided for referral of asserted inaccuracies to the Register of Copyrights.

As the Seventh Circuit has pointed out in *DeliverMed*, however, the availability of such referrals carries an "obvious potential for abuse" as a weapon to delay proceedings. 734 F.3d at 625. Given that potential for abuse, the Court "strongly caution[ed] both courts and litigants to be wary of using this device in the future." *Id.* Rather than automatically referring a question to the Register on the strength of a bare allegation of an inaccuracy in a copyright registration, the Court said, district courts should first require the movant to demonstrate that the inaccuracy was made knowingly. *Id.* Only after that showing has been made should a court question the Register as to whether it would have refused the application. *Id.* "When faced with this situation in the future," the Court finished, "courts should tread carefully and employ this mechanism *only when necessary*." *Id.* (emphasis added); *see also FurnitureDealer.Net, Inc v. Amazon.com, Inc*, No. 18-232 (JRT/HB), 2022 WL 891473, at *11 (D. Minn. Mar. 25, 2022) (noting that the Seventh Circuit "requires a showing of fraud on the Copyright Office" before a referral can be made). In

2

other words, referral to the Register of Copyrights is not something to be done "immediately" upon request, *DeliverMed*, 734 F.3d at 625—without any showing of knowledge of falsity.

## II. Defendant Has Not Established the Required Legal and Factual Knowledge for Referral to the Register of Copyrights.

As a prerequisite to referral to the Copyright Register, Defendant must establish the inaccuracy was introduced "knowingly." In *Unicolors*, the Supreme Court held that an inaccuracy is made knowingly only if the copyright holder knows both the law and the facts. 595 U.S. at 185. The Court pointed out that inadvertent mistakes on registration certificates are as likely to arise from mistakes of law as from mistakes of fact, and "[n]othing in the statutory language suggests that Congress wanted to forgive . . . applicants' factual but not their (often esoteric) legal mistakes." *Id.* The Court also pointed out that by enacting § 411(b), Congress intended to prevent infringers from trying to invalidate a registration certificate, and thereby escape liability for their infringement, by exploiting an inadvertent error. *Id.* at 187.

Defendant is seeking to exploit just such an inadvertent error here. Roadget owns Swag Bear. And Defendant has not established, and cannot establish, that Roadget knowingly lied to the Copyright Office about *when* it came to own Swag Bear. Roadget's wholly owned subsidiary, Guangzhou Shein International Import & Export Co., Ltd., initially owned the copyright by virtue of a work-for-hire employment agreement with designer Soby Ou. ECF No. 69-5. Defendant makes much of a declaration of Jeffrey Yee, who was an authorized agent for both Guangzhou Shein and Roadget and who was responsible for filing applications for copyright registrations, including Swag Bear. *See* ECF No. 69-2. But that declaration confirms that Mr. Yee, who was filing a large volume of copyright applications upon discovering the "overwhelming scale of the infringement," made "inadvertent" errors in connection with such applications. *Id.* ¶ 8. Those included, for example, believing it appropriate to list Roadget as the

3

"owner" when he knew that Roadget "would be the ultimate owner of the copyrights in the works at issue through written transfer agreement." *Id.* ¶ 6. Mr. Yee was correct that Swag Bear would in fact be transferred—which Defendant cannot reasonably dispute—but mistakenly identified Roadget as an owner at the precise time the registration was filed.

Mr. Yee's statement is consistent with confusion resulting from a mistake of law: that he did not realize that the assignment agreement needed to be executed *before* filing a registration (or supplementary registration) rather than after. That misunderstanding resulted in inadvertent clerical errors on the supplemental registration, which can be easily fixed through a further supplemental application. *See* U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES, Ch. 1802.6(D); 1802.6(F) (3rd Ed. 2021); *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003); *Eckes v. Card Prices Update*, 736 F.2d 859, 861–62 (2d Cir. 1984). Indeed, the fact that Mr. Yee already filed one supplementary registration correcting authorship demonstrates good-faith efforts to ensure the registration was correct, and supports that the error as to ownership was inadvertent.

Defendant has not made a showing that Roadget's misstatements were made with full knowledge of both the facts and the law.[1] And at this early stage of the proceedings, it is premature to conclude that the error constituted intentional fraud on the Copyright Office. The clerical mistakes here are a far cry from the contentious ownership disputes in the cases Defendant cites. In *DeliverMed*, for example, the copyright claimant owned a mail-order pharmacy partnership from which he had been pilfering funds for years. 734 F.3d at 619. He retained a separate and distinct advertising company to design a logo without arranging for

---

[1] Defendant's claim of an inaccuracy in the first-publication date on the registration certificate is without merit. Roadget has already addressed that claim, ECF No. 75, at 10, and Defendant resurfaces it in the instant motion without responding to Roadget's points or providing any evidence that the particular Swag Bear design was available on the Amazon.com listing in 2021.

4

assignment of the work, and then lied to the Copyright Office in stating that his partnership owned the logo. *Id.* at 620. By contrast, here, Roadget and Guangzhou Shein are affiliated companies; Guangzhou Shein was not contracted to design Swag Bear. And in *PalatiumCare, Inc. v. Notify LLC*, No. 22-cv-217-JPS-JPS, 2023 WL 2929462, at *8–9 (E.D. Wis. Apr. 13, 2023), the software developers who wrote the copyrighted code at issue were third-party independent contractors, not employees, who lacked explicit work-for-hire agreements with the copyright claimant but were not named as authors on the copyright registration. Here, all parties agree that Guangzhou Shein is the proper author of Swag Bear and that ownership has since transferred to Roadget; the only question is when that transfer occurred relative to the registration of the copyright.

Because Roadget and Guangzhou Shein are affiliated, and Guangzhou Shein does not contest Roadget's ownership of the Swag Bear copyright, this inadvertent error is easily fixed, does not go to the heart of the copyright, and prejudices no one—least of all Defendant. Defendant should not be permitted to use the error in precisely the manner cautioned against by the *DeliverMed* and *Unicolors* courts alike: as a "weapon to delay the proceedings," 734 F.3d at 624, and as a "loophole" to "prevent enforcement of [an] otherwise validly registered copyright[]," 595 U.S. at 187.

## **CONCLUSION**

For the foregoing reasons, Roadget respectfully requests that this Court deny Defendant's Motion for Referral to the Register of Copyrights under 17 U.S.C. § 411(b)(2).

5

Dated: March 26, 2024 Respectfully submitted,

*/s/ Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*

6