IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | CIVIL ACTION NO. 1:23-cv-17036<br><br>Judge: Hon. Sara L. Ellis |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS, OR ALTERNATIVELY, TO SEVER**

1

I. **INTRODUCTION**

Plaintiff's Response fails to rebut Defendants' arguments. Plaintiff does not (and cannot) dispute that its claims against Defendant Nos. 21, 22, 23, 25, and 26 should be dismissed for lack of personal jurisdiction because those Defendants did not sell any of the accused products to residents of Illinois. Plaintiff's new alternate basis for personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) fails because these Defendants have submitted that jurisdiction is proper in another forum.

Nor does Plaintiff come close to establishing sufficient diligence in investigating several Defendants' addresses to justify its request for alternative service by email, which independently requires dismissal of its claims against those Defendants.

As to damages, Plaintiff does not address the (now undisputed) point that its claim for "exemplary damages" is precluded by the Copyright Act. Plaintiff also fails to state a viable claim for enhanced statutory damages under the Copyright Act, and its exclusive reliance on its allegation of "identical" copying and new allegations of recklessness (found nowhere in its Complaint) does not change that conclusion. Whether on waiver grounds or on the merits, Plaintiff's exemplary and enhanced statutory damages claims should be dismissed.

Likewise, Plaintiff fails to adequately rebut the fact that the Defendants in this action have been misjoined. The Defendants are largely unaffiliated, operate independently, and their only "connection" is that they are accused of independently infringing several allegedly copyrighted works. That is not a sufficient basis for joinder. Plaintiff's claims against the unaffiliated Defendants should be severed into separate actions.

Lastly, Defendants withdraw their Rule 12(b)(6) challenge to Plaintiff's claim of copyright ownership. The chain-of-title evidence obtained after the Motion was filed confirms that Plaintiff

made a false claim of ownership to the Copyright Office, resulting in a registration that would have been refused had the Copyright Office known the truth. Thus, the appropriate path forward is for the Court to refer the issue to the Copyright Office under 17 U.S.C. § 411(b)(2). Defendants are pursuing this deficiency through separately filed motions requesting referral of Plaintiff's inaccurate ownership claims to the Copyright Office and by a subsequent motion for summary judgment.

## II. ARGUMENT

### A. Plaintiff Has Not Established Personal Jurisdiction Over Defendant Nos. 21, 22, 23, 25, and 26, and Plaintiff's New Reliance on Rule 4(k)(2) Is Unavailing.

Plaintiff accused Defendant Nos. 21, 22, 23, 25, and 26 of selling specific products identified in Schedule A to the Complaint. Dkt. 7, Schedule A. Plaintiff's basis for personal jurisdiction is that Defendants sold the accused products in Illinois. *Id.*, ¶ 6. But Defendants have confirmed in declarations that they have not sold any of the accused products to residents of Illinois. *See* Dkt. 44 at 5.

In response, Plaintiff wrongly claims that additional documentary evidence is required to "prove a negative" (*i.e.*, the lack of Illinois sales). Dkt. 77 at 3-4. As detailed below, that is not what the law requires. Plaintiff then speculates that there *may* be other allegedly infringing products not identified in Plaintiff's Complaint that *may* have been sold into Illinois. *Id.* Plaintiff's speculation falls far short of meeting its evidentiary burden in response to Defendants' submission of declarations.

On a Rule 12(b)(2) motion challenging personal jurisdiction, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit evidence supporting the exercise of jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). In other words, a declaration

3

confirming the lack of sales of the accused product in Illinois—which Defendants have provided here—shifts the burden to Plaintiff to submit affirmative evidence supporting jurisdiction. *See Mori Lee, LLC v. Schedule A*, 2022 WL 523123, at *1 (N.D. Ill. Feb. 22, 2022) ("Based on a search of its record sales, [defendant] attests that it sold no items of the accused counterfeit products of [plaintiff's] designs and that it has not shipped any product in Illinois."). Plaintiff has not done so.

Plaintiff's assertion that Defendants are somehow required to prove a negative with additional documents—beyond the sworn declarations attesting to an absence of Illinois sales—is wrong. *See* Dkt. 77 at 4 ("[t]hey also cite to no underlying documents or data to substantiate" the lack of Illinois sales). Courts have made clear that "[u]nrefuted facts in [the] defendant's affidavits … [are] taken as true," *Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, 2019 WL 6827641, at *2 (N.D. Ill. Dec. 13, 2019), and there is no obligation to submit additional documents to further prove the absence of Illinois contacts or Illinois sales. *See MSM Design & Eng'g LLC v. Schedule A*, 2021 WL 3187706, at *2 (N.D. Ill. July 28, 2021) (dismissing for lack of jurisdiction based on unrebutted declaration, Dkt. 94-1, attesting to no sales of the accused products in Illinois; no documentary evidence required to prove lack of sales to Illinois); *Seven Oaks*, 2019 6827641, at *2 (same; declaration at Dkt. 8-1 attesting to lack of Illinois contacts; no additional documents required); *Adlife Mktg. & Commc'ns Co. v. Multi-Ad Sols., LLC*, 2017 WL 10457147, at *2 (C.D. Ill. Dec. 21, 2017) (same; declaration at Dkt. 31).

Plaintiff did not offer *any* evidence to rebut Defendants' declarations. Instead, Plaintiff speculates that there *may* be other allegedly infringing products that Plaintiff did not identify in Schedule A of its Complaint and then speculates further that, if there are other such products, those products *may* have been sold in Illinois. Dkt. 77 at 3-4. But Plaintiff cannot frame its copyright infringement claims and basis for personal jurisdiction around the products accused of

4

infringement, and then when jurisdiction is challenged, merely speculate that there may be other products not identified in the Complaint. Plaintiff plainly fails to meet its burden of "go[ing] beyond the pleadings and submit[ting] evidence to support jurisdiction"—which was also the case in Plaintiff's cited authority.[1] *Purdue*, 338 F.3d at 783, 789; *see also Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 947 (7th Cir. 2000) (affirming finding of no personal jurisdiction and rejection of request for jurisdictional discovery).[2] Plaintiff submits nothing.

Plaintiff's newfound reliance on Federal Rule of Civil Procedure 4(k)(2) is likewise unavailing. Despite repeatedly asserting personal jurisdiction based on Illinois accused product sales in the Complaint, motion for TRO, and motion for PI, Plaintiff now, for the first time, contends that Defendants "can be sued in any district under Fed. R. Civ. P. 4(k)(2)." Dkt. 77 at 4. This is simply incorrect. As Plaintiff's own caselaw recognizes, "[a] defendant who wants to preclude Rule 4(k)(2) has only to name some other state in which the suit could proceed" because "[n]aming a more appropriate state would amount to a consent to personal jurisdiction there[.]" *ISI Int'l, Inc.*

---

[1] In its Response, Plaintiff does not even allege—let alone offer evidence suggesting—that it was harmed in *any* way by these Defendants in Illinois. Nor could it—they have not sold the accused products to Illinois residents.

[2] In a footnote, Plaintiff suggests for the first time that jurisdictional discovery "would be needed to explore Defendants' assertions." Dkt. 77 at 4 n.2. But Plaintiff has never requested such discovery—despite being authorized in early January to conduct broad discovery on Defendants' sales on an expedited basis, *see* Dkt. 20, and having notice of this issue since mid-February. *See* Dkt. 44. And the Seventh Circuit has confirmed that a request for jurisdictional discovery should be denied where it is based only on "speculative allegations." *Sheehan v. Breccia Unlimited Co.*, 48 F.4th 513, 527 (7th Cir. 2022). That is all Plaintiff offers here. *Compare* Dkt. 77 at 4 ("[T]he declarations Defendants have submitted raise more questions" because they apparently do not "affirm[] that they sold none of their own apparel products bearing the claimed design or a substantially similar one[.]"), *and Viahard LLC v. Schedule A*, 2022 WL 1004412, at *3 (N.D. Ill. Apr. 4, 2022) (denying jurisdictional discovery because plaintiff's "arguments are based on conjecture that [defendant's] contacts might be sufficient to establish personal jurisdiction"), *with Debernardis v. Metabolic Nutrition, Inc.*, 2016 WL 1190707, at *8 (N.D. Ill. Dec. 6, 2016) (granting limited discovery based on plaintiff providing proof of defendant's additional customers in Illinois).

*v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001). Here, Defendant No. 23 made at least one accused product sale in Delaware, and Defendant No. 26 made at least one accused product sale in New York. These Defendants are subject to, and alternatively consent to, jurisdiction in these states for a copyright infringement claim arising out of the accused products. Defendant Nos. 21, 22, and 25, on the other hand, made no sales in the U.S. In the event the Court does not find categorical and incurable lack of jurisdiction on that ground, Defendant Nos. 21, 22, and 25 consent to jurisdiction in Washington for a copyright claim arising out of the accused products.

Plaintiff's claims against these five Defendants should be dismissed for lack of personal jurisdiction.

  **B.**  **Plaintiff's Request for Email Service-of-Process Was Improper for Defendants Nos. 3, 9, 10, 13-19, 22, 23, 25, and 26.**

Plaintiff does not dispute that it was required to "make reasonably diligent efforts to learn of the defendant's mailing address" before seeking service by email. *Luxottica Grp. S.p.A. v. Schedule A*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019). Nor does Plaintiff even attempt to claim that its purported "investigation" was diligent. *See* Dkt. 77 at 13. Instead, Plaintiff contends its efforts sufficed because its counsel "clicked each of the links to the Defendants' online stores," which apparently "did not uncover Defendants' business addresses." Dkt. 77-1, ¶ 3. In other words, Plaintiff does not dispute the availability of the information but rather claims it apparently just missed it.

Plaintiff's efforts are a far cry from the Rule 4(f) diligence shown in the cases upon which it relies. *See Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018) (finding compliance with the Hague Convention when "Plaintiff's investigators also conducted additional investigation," including "research[ing] the DVDFab

6

websites associated with the DVDFab Domain Names, complet[ing] multiple Internet-based searches, call[ing] known numbers, and conduct[ing] in-person visits[.]"); *see also Luxottica Grp. S.p.A. v. Schedule A*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019) ("where the address of the [defendant] is not known" the plaintiff "cannot close its eyes to the obvious"). Nor is counsel's clicking sufficient to "carry [Plaintiff's] burden to show that [D]efendants' addresses were unknown." *Luxottica*, 391 F. Supp. 3d at 823.

And Plaintiff's check-the-box approach is particularly concerning here where diligence is imperative to counterbalance Plaintiff's use of ex parte proceedings against these Defendants. *See id.* n.3 ("Particularly because plaintiffs in these types of cases often proceed ex parte, it is hoped that counsel will bring to the court's attention in future cases any mailing addresses of which they are aware," and the "court should be informed if counsel reasonably believes that mailing addresses may be available from online marketplaces"). With great power to obtain expansive ex parte relief comes great responsibility to meet or exceed all professional responsibility thresholds beforehand. Plaintiff did not conduct a reasonably diligent investigation into Defendants' addresses, and its request to serve Defendants by email was therefore improper. *See id.* at 823-24.

Plaintiff's claims against these Defendants should be dismissed for improper service.

### C. Plaintiff's Claim for "Exemplary Damages" Fails Because Such Damages Are Not Available Under the Copyright Act.

Plaintiff does not substantively address Defendants' argument that Plaintiff's claim for exemplary damages is precluded by the Copyright Act. Dkt. 77 at 10-11. Plaintiff therefore waives its right to contest the argument, and its claim for exemplary damages should be dismissed for that reason alone. *See Intercom Ventures, LLC v. City Media Plus Ex-Yu Streaming Co.*, 2013 WL 4011052, at *4 (N.D. Ill. Aug. 6, 2013) ("A plaintiff's failure to respond substantively to such grounds provides a sufficient basis for dismissal."); *VitalGo, Inc. v. Kreg Therapeutics, Inc.*,

7

2017 WL 1163741, at *13 (N.D. Ill. Mar. 29, 2017) ("Plaintiffs do not respond to this argument and thus waive their right to contest a dismissal on that basis.").

Instead of responding to Defendants' argument, Plaintiff's single-sentence mention of this issue states without authority that "the prayer for exemplary damages should be construed as a prayer for enhanced damages for willfulness[.]" Dkt. 77 at 11. Plaintiff does not deny that any claim for exemplary damages is precluded by the Copyright Act. *See* Dkt. 53 at 5-6; *see also Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 926 (N.D. Ill. 2009) (citing *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 931 (7th Cir. 2003), and 4-14 Nimmer on Copyright § 14.02[C][2] ("The cases are clear that exemplary or punitive damages should not be awarded in a statutory copyright infringement action.")).

Rather than "construe" this claim to be some other type of claim, Plaintiff's claim for exemplary damages should be dismissed.

**D.    Plaintiff Has Failed to Allege Willful Infringement Sufficient to Support Its Claim for Enhanced Statutory Damages Under the Copyright Act.**

To support its willful infringement claim, Plaintiff relies on the fact that it has alleged "identical" copying. Dkt. 77 at 10. But alleging only copying, or even "identical" copying, is insufficient to support willful infringement absent additional willfulness-indicative factors, which Plaintiff has not alleged here. For example, in *Serio v. Skijor, USA, Inc.*, the court rejected a "willful infringement" claim where the "Defendant's website displayed an *identical* copy of the [copyrighted] Photograph" because, like here, the plaintiff did not allege any willfulness-indicative factors beyond using the same work. 2023 WL 8372894, at *4 (S.D.N.Y. Dec. 4, 2023) (emphasis added). The court distinguished cases where additional willfulness-indicative factors were alleged, for example, where the defendant "cropped out the portion of the Photograph bearing [plaintiff's]

8

watermark and business logo," *Id.*, or where the defendant, in addition to copyright infringement, also engaged in blatant "counterfeiting" of the plaintiff's trademark. *Id.* at *4 n.2.

At most, Plaintiff alleges Defendants used its purported copyrights, but it otherwise alleges no facts beyond that to establish willfulness—other than pairing the word "willful" with the word "infringement." That's insufficient.[3] *See* Dkt. 44 at 11-12; *see also Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 468 (S.D.N.Y. 2019) (conclusory allegation that defendant's conduct was "willful, intentional, and malicious … standing alone, is insufficient factual support for the allegation that [defendant's] infringement was willful"); *Elatab v. Hesperios, Inc.*, 2023 WL 2226877, at *5 (S.D.N.Y. June 2, 2021) (finding that "merely alleg[ing] that [plaintiff] is entitled to statutory damages 'for Defendant's willful infringement of the photograph' is insufficient").

Plaintiff also contends that willfulness "does not even require knowledge of the copyright." Dkt. 77 at 10. But Plaintiff cites no authority for that proposition. Nor does it explain how Defendants could "recklessly disregard" Plaintiff's rights if they had no reason to know such rights existed. *See Philpot v. L.M. Commc'ns II of S.C., Inc.*, 343 F. Supp. 3d 694, 701 (E.D. Ky. 2018) (plaintiff must show defendant "knew of [the] copyright" or "should have had notice of the copyright and acted recklessly"), *rev'd*, 776 F. App'x 906 (6th Cir. 2019) (reversing and remanding on unrelated attorneys' fees issue). Indeed, Plaintiff does not even allege Defendants copied its works from Plaintiff's website or other facts suggesting Defendants had reason to know of Plaintiff's alleged rights in the works.

---

[3] Plaintiff cites to *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 711 (9th Cir. 2010), ostensibly for the proposition that "exactitude" alone is sufficient, but *Lanard Toys* involved much more than identical copying, including attempts to conceal the co-defendant's copying of the plaintiff's work, subjective knowledge from a company executive that the toy manufacturers from which he sourced the toys was a "den of piracy," and proof that the defendant sent toy samples for copying without regard for any of the owner's trade dress or copyright rights.

Rather, Plaintiff alleges only that Defendants, like every other member of the public, theoretically "had access" to Plaintiff's website because of general access to the internet. Dkt. 1, ¶ 21. But merely alleging internet "access" is insufficient to show willfulness absent allegations that the defendant copied the work from a source disclosing the plaintiff's right to the design. *Serio*, 2023 WL 8372894, at *4 ("Nor has Plaintiff alleged that Defendant copied the image from a source that disclosed Plaintiff's interest in the [work]."). Only in its Response does Plaintiff now suggest Defendants "copied and pasted the copyrighted Roadget[] designs" from Plaintiff's website, Dkt. 77 at 10, but that allegation appears nowhere in Plaintiff's Complaint, and it must therefore be disregarded. *Agnew v. NCAA*, 683 F.3d 328, 348 (7th Cir. 2012) ("[I]t is a basic principle that the complaint may not be amended by briefs in opposition to a motion to dismiss.").

Plaintiff otherwise suggests that Defendants' motion to dismiss its enhanced statutory damages claims "would not justify dismissal of the suit" because a "demand for judgment for the relief the pleader sought … is *not* itself part of the plaintiff's claim[.]" Dkt. 77 at 10-11. That's a strawman. Unlike in Plaintiff's sole case, *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002), Defendants are not moving to dismiss Plaintiff's entire cause of action; they are narrowly moving to dismiss Plaintiff's claim for exemplary and enhanced statutory damages. *See* Dkt. 44. The *Bontkowski* court held that the failure to specify a particular type of relief does not warrant dismissal of the entire underlying claim. 305 F.3d at 762. But that holding is unrelated to Defendants' motion here that seeks dismissal of a particular and improperly pleaded category of damages.

Nowhere in *Bontkowski* does the court impose some limitation on the Court's ability to find that a particular form of claimed damages has not been adequately alleged (*e.g.*, enhanced statutory damages) or is not available as a matter of law (*e.g.*, exemplary damages). And Plaintiff cannot reasonably dispute that Rule 12(b)(6) is the proper vehicle for raising such a challenge, as courts

10

have repeatedly recognized. *See, e.g.*, *Southhall v. Force Partners, LLC*, 2021 WL 3883082, at *3 (N.D. Ill. Aug. 31, 2021) ("[A] Rule 12(b)(6) motion can target a request for a particular form [of] damages if the complaint fails to adequately plead facts necessary to support that form of damages."); *Pipp Mobile Storage Sys., Inc. v. Innovative Growers. Equip., Inc.*, 2022 WL 157491, at *3 (N.D. Ill. Jan. 18, 2022) ("[I]f the plaintiff fails to sufficiently allege a claim for certain damages, the Court finds it appropriate to dismiss such a claim on a Rule 12(b)(6) motion."); *Sunless, Inc. v. Selby Holdings, LLC*, 2021 WL 3513871, at *4 (M.D. Tenn. Aug. 10, 2021) ("[A] Rule 12(b)(6) motion is an appropriate mechanism to request the dismissal of a request for past damages[.]").

Plaintiff's claim for enhanced statutory damages should be dismissed.

### E.   Plaintiff Has Improperly Joined Unaffiliated and Independently Operating Defendants, Warranting Severance of the Actions.

Plaintiff does not allege any basis for joining dozens of unaffiliated and independently operated merchants into a single suit, and Plaintiff's opposition confirms that its after-the-fact joinder rationalization is factually misplaced and legally flawed. At a minimum the Moving Defendants should be severed from the Non-Appearing Defendants (Nos. 1-2, 5-8, 11-12, 20, 24, and 27), and the law and equitable considerations further compel severance of the Moving Defendants.[4]

Plaintiff seems to suggest that joinder is just a numbers game in which only 100 or more defendants warrants severance. Dkt. 77 at 8 (Plaintiff's arguing that "where misjoinder has been found, the number of defendants is frequently much greater than the 27 at issue here"). Again, this is simply incorrect. Courts in this District (and elsewhere) applying a qualitative standard have found misjoinder in Schedule A suits under nearly identical circumstances presented here and with

---

[4] Dismissal for misjoinder would also end Plaintiff's unjustified evasion of its filing fee obligations.

a similar number of defendants. *See, e.g.*, *Tang v. Schedule A*, 2024 WL 68331, at *3 (N.D. Ill. Jan. 4, 2024) (finding misjoinder of 19 Amazon merchants accused of infringing the same design; dismissing the two defendants raising misjoinder); *Animaccord Ltd. v. Schedule A*, 2023 WL 3940548, at *2 (E.D. Va. June 9, 2023) (finding misjoinder of 30 merchants, but finding the defect harmless because all defaulted); *Dae Sung Hi Tech Co. v. GThunder*, 2019 WL 12359977, at *2 (C.D. Cal. Jan. 8, 2019) (dismissing all 42 defendants except the first-named defendant).

Plaintiff does not dispute that the Defendants are unaffiliated and operate independently, with the limited exception of storefront Nos. 14 and 17 and storefront Nos. 15 and 16 (which are owned by the same companies, respectively) and Nos. 22 and 23 (which are under common control). And what remains—an amalgamation of different Defendants, each facing the burden of defending against different alleged copyright claims—is insufficient to support joinder. *See NFL Props. LLC v. Schedule A*, 2021 WL 4963600, at *3 (N.D. Ill. Oct. 26, 2021) (misjoinder when plaintiff did "not allege that every Defendant used and sold the same trademarked images," and "even if there is some overlap between the trademarks used by each Defendant, [plaintiff] would have to allege more to support joinder"); *see also Rudd v. Lux Prods. Corp.*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder[.]"); *Tang*, 2024 WL 68332, at *2 ("[T]hat the defendants use the same accepted payment and checkout methods and hosting services, is simply a reflection of the fact that they operate stores through Amazon, not an indicator that they are part of a network of infringers. Such [] facts do not support joinder."); *Animaccord*, 2023 WL 3940548, at *2 ("The Amended Complaint contains no allegations that the defendants were working together, related to each other,

or had any connection or commonality other than using e-commerce platforms and infringing plaintiff's trademarks and copyrights, which is insufficient to support joinder.").

Plaintiff's citation to *Bose Corp. v. Schedule A*, 334 F.R.D. 511 (N.D. Ill. 2020) does not change that conclusion. Dkt. 77 at 9. The court there expressly limited its holding to the unique facts of that case finding *only* that joinder was appropriate "for the time being." *Bose*, 354 F.R.D. at 518. *Bose's* narrow ruling was issued before service or the entry of a TRO (unlike here), and the court expressly noted that it would reconsider its decision if necessary. *Id.* at 517-18. The court also grounded its decision in the fact that in Schedule A cases, "it is rare for defendants to appear even after injunctions are entered," and (unlike here) "[p]robably none of the Defendants will ever make an appearance in this case," so none would be prejudiced. *Id.* at 512, 517. Indeed, in reaching its holding, the *Bose* court noted that it would consider severance if (as here) "any defendant appears." *Id.* at 517.[5]

None of those case-specific facts is present here. Instead, there are serious prejudicial concerns with improperly joining all Defendants into a single suit. For starters, Defendants *have* appeared, and there is no reason to join the Non-Appearing Defendants who will presumably be subject to a default judgment (Nos. 1-2, 5-8, 11-12, 20, 24, and 27). And the Moving Defendants themselves are differently situated and warrant severance into separate actions. They each discovered the purportedly copyrighted works at different times, used them at different times and for varying durations, and sold varying amounts of the accused products. *See* Dkt. 24 at 3. It is

---

[5] Plaintiff's reliance on the outlier "counterfeiting swarm" theory from *Bose* is likewise unavailing. The court applied that theory because all the defendants were *trademark counterfeiters* that were using the "Bose" trademark to pass off goods as coming from Bose. Plaintiff's misplaced theory is inapplicable when (as here) unaffiliated and independently operating merchants are accused of infringing without any source-identifying counterfeiting allegations. *See Tang*, 2024 WL 68332, at *3 ("This case does not involve a 'swarm' of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather it involves multiple sellers of the exact same type of product allegedly infringing on one seller's patent design.").

highly prejudicial to any Moving Defendant with limited sales to be lumped together at trial with high-volume sellers. It is likewise prejudicial to each Defendant to be treated as a "swarm of infringers" (a theory not alleged in the Complaint) when they are unaffiliated and independently operated.

Each Defendant comes to this case with unique facts and circumstances concerning questions of infringement and damages, and each should be able to litigate their defenses and mitigation factors without the prejudicial and unsubstantiated "swarm" inference Plaintiff raises for the first time in its opposition brief. Defendants do not oppose coordinating these actions for pre-trial purposes such as discovery and dispositive motions; and, of course, they would prefer to file joint briefs where it is practical to do so (presumably the Court and Plaintiff would prefer joint briefing on overlapping issues as well). But the cases should otherwise be severed to avoid the clear prejudice that will result if the current misjoinder remains on the docket.

> **F.    Defendants Withdraw the Rule 12(b)(6) Challenge to Plaintiff's Copyright Claim Given New Developments Warranting a Referral of Plaintiff's False Ownership Claims to the Copyright Office under 17 U.S.C. § 411(b)(2).**

At the time Defendants filed their Motion to Dismiss, the scope of Plaintiff's ownership deficiency was obscured by the fact that Plaintiff did not allege the date on which it had allegedly acquired the "Swag Bear" and "Poker Card and Skeleton Hands" works from non-party Guangzhou Shein; nor did Plaintiff attach any chain-of-title documents referenced in the copyright registrations. *See* Dkt. 44 at 8-10. Defendants have since obtained the chain-of-title documents, which reveal a fatal defect in Plaintiff's registration process: Plaintiff misrepresented to the Copyright Office that

14

it owned the Swag Bear and Poker Card and Skeleton Hands works by a written agreement with Guangzhou Shein despite knowing that such a written agreement did not exist at that time.

Where, as here, an applicant makes knowingly false statements in a registration, 17 U.S.C. § 411(b)(2) of the Copyright Act requires the Court to refer the matter to the Copyright Office for a determination of whether the registration should have issued, and certain Defendants have already filed a motion seeking referral for the Swag Bear copyright registration. *See* Dkt. 68. To the extent Plaintiff's claims are not otherwise dismissed pursuant to this motion, Defendants will also file a Section 411 motion with regard to the Poker Card and Skeleton Hands work. Should the Copyright Office confirm that it would not have issued the registration, Defendant will raise their copyright invalidity challenge by a summary judgment motion. For purposes of the instant Motion, Defendants withdraw their Rule 12(b)(6) challenge to copyright ownership.

### III. CONCLUSION

Based on the foregoing, Defendants' Motion should be granted.

Dated: April 5, 2024

Respectfully Submitted,

/s/ *Christopher J. Fahy*

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

*Counsel for Defendants*

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*
*Pro hac vice forthcoming*


William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

*Counsel for Defendants*
