**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ROADGET BUSINESS PTE. LTD., a private,   )
limited company organized in the country of  )
Singapore,     )
      )
    Plaintiff,     )
      )     No. 23 C 17036
    v.     )
      )     Judge Sara L. Ellis
THE INDIVIDUALS, CORPORATIONS,   )
LIMITED LIABILITY COMPANIES,   )
PARTNERSHIPS, AND   )
UNINCORPORATED ASSOCIATIONS   )
IDENTIFIED ON SCHEDULE A HERETO,  )
      )
    Defendants.     )

## OPINION AND ORDER

Plaintiff Roadget Business Pte. Ltd. ("Roadget") sued twenty-seven entities listed in

Schedule A of its complaint for copyright infringement of at least one of six different

copyrighted images: "Skull Gesture," "Racing Car," "Play Game," "Smiling Flower," "Poker

Card and Skeleton Hands," and "Swag Bear." Defendants No. 3, 4, 9, 10, 13, 14, 15, 16, 17, 18,

19, 21, 22, 23, 25, and 26 (the "Moving Defendants")[1] have appeared and moved to dismiss or,

in the alternative, to sever. The Court grants the Moving Defendants' motion to dismiss as to

Defendants 21, 22, 23, 25, and 26 for lack of personal jurisdiction. It also grants the Moving

Defendants' motion to sever, finding that Roadget's claims against them do not arise from the

same transaction, occurrence, or series of transactions or occurrences.[2] The Court therefore

---

[1] Defendants 1, 2, 5, 6, 7, 8, 11, 12, 20, 24, and 27 have not appeared. Roadget has since dismissed
Defendants 2, 5, 6, and 27. To the extent that the Court uses "Defendants," it is referring to Defendants 1,
3, 4, and 7–26.

[2] The Court also has pending before it Roadget's motion for preliminary injunction [47] and Defendant
10's motion for referral to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2) [68]. Because the

dismisses Defendants 2 through 20 and Defendant 24 without prejudice for improper joinder, leaving only Roadget's claims against Defendant 1 pending in this case.

## BACKGROUND[3]

Roadget, a company with its principal place of business in Singapore, owns SHEIN, an online fashion and lifestyle retailer. Roadget does business in the United States through its subsidiary, Shein Distribution Center. Roadget registered several designs for copyright in 2022, including "Skull Gesture," "Racing Car," "Play Game," "Smiling Flower," "Poker Cards and Skeleton Hands," and "Swag Bear." In June 2023, Roadget filed supplementary registrations for "Swag Bear" and "Poker Cards and Skeleton Hands" in which Roadget changed the author from Roadget to Guangzhou Shein International Import & Export Co. Ltd., another Roadget subsidiary.

On December 22, 2023, Roadget filed this case, suing twenty-seven vendors—twenty-six of whom sell their products on Temu—for violating one of Roadget's copyrights. Defendants are all entities who primarily reside in foreign jurisdictions. Roadget asserted that it had information that all Defendants target their business activities toward United States consumers, including Illinois. Defendants 21, 22, 23, 25, and 26 dispute Roadget's assertion. Declarations from executives of Defendants 21, 22, 23, 25 and 26 state that these Defendants have not made any sales of products containing Roadget's copyrighted images (the "Accused Products") in

---

Court grants the Moving Defendants' motion to sever, the Court need not resolve the motion for referral in this order. The Court will issue a separate order addressing Roadget's motion for preliminary injunction as to Defendant 1.

[3] In addressing personal jurisdiction, the Court is not limited to the pleadings. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Therefore, the Court draws the facts from the complaint and the additional documents submitted by the parties. The Court resolves all factual conflicts and draws all reasonable inferences in Roadget's favor. *Id.* at 782–83.

Illinois.  Docs. 46-2, 46-3, 46-5, 46-5.  Defendants 21, 22, and 25 go further to assert that they have not made any sales of the Accused Products in the United States.  Doc. 27-1.

On January 2, 2024, Roadget moved for a temporary restraining order ("TRO") against Defendants.  The Court granted Roadget's motion on January 19, 2024, permitting Roadget to serve Defendants via email.  Doc. 20 at 6.  Roadget certified that it served Defendants using the email addresses that third parties provided Roadget for Defendants.  Doc. 32 at 2.

Following the issuance of the TRO, the Moving Defendants, who are jointly represented by the same counsel, moved to dissolve the TRO.  Subsequently, the Moving Defendants and Roadget agreed to an order modifying the freeze of the Moving Defendants' assets as well as an extension of the TRO pending the disposition of Roadget's preliminary injunction motion.

## ANALYSIS

## I.    Motion to Dismiss[4]

The Moving Defendants move to dismiss on several grounds, two of which the Court addresses here.  First, Moving Defendants 21, 22, 23, 25, and 26 argue that this Court cannot exercise personal jurisdiction over them because they have not sold the Accused Products in Illinois.  Second, Moving Defendants 3, 9, 10, 13–19, 22, 23, 25, and 26 move to dismiss the claims against them for failure of service.[5]

---

[4] The Court grants Roadget's motion for leave to file a surreply [81], Defendants' request for leave to file a sur-sur-reply [83], and considers both filings in this Opinion.

[5] The Moving Defendants raised two additional arguments: (1) Roadget did not state a claim for the "Swag Bear" copyright, and (2) Roadget cannot pursue exemplary damages because the Copyright Act bars punitive damages and Roadget failed to sufficiently allege willful infringement.  In their reply, the Moving Defendants withdrew their arguments relating to the "Swag Bear" copyright, instead filing the separate motion for referral to the Register of Copyrights [68].  As for the argument related to damages, because the Court finds that Roadget improperly joined its claims against Defendants in this case and dismisses all but Roadget's claims against Defendant 1 without prejudice as discussed below, the Court dooes not address the Moving Defendants' pleading argument.  That said, to the extent that Roadget decides to refile its claims against the Moving Defendants, Roadget should consider the Moving

### A.      Personal Jurisdiction

The Court first addresses Moving Defendants 21, 22, 23, 25, and 26's argument that the Court lacks personal jurisdiction over them.  When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted).  If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, as it does here, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id.* at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014).  In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).  However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019).  The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

In federal question cases, the Court may exercise personal jurisdiction over a defendant only if "federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assoc. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).  The Copyright Act does not authorize nationwide service of process, and so the Court may exercise jurisdiction over Defendants only if authorized

---

Defendants' arguments concerning its pleading of a request for exemplary damages when refiling its complaint.

both by the United States Constitution and Illinois law. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997); *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 902 (N.D. Ill. 2015). The Illinois long-arm statute authorizes courts to exercise personal jurisdiction on any basis permitted by the Illinois and United States constitutions. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing 735 Ill. Comp. Stat. 5/2-209(c)). This standard effectively merges the federal constitutional and state statutory inquiries. *N. Grain Mktg*, 743 F.3d at 492. Accordingly, a single inquiry into whether the United States Constitution permits jurisdiction suffices. *See, e.g.*, *Curry*, 949 F.3d at 393; *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); *see also Wesly v. Nat'l Hemophilia Found.*, 2020 IL App (3d) 170569, ¶ 16 ("[I]t is generally true that, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns." (alteration in original) (citation omitted)).

The Due Process Clause of the United States Constitution permits a court to exercise jurisdiction when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). And importantly, "the question of personal jurisdiction hinges on the defendant's—not the plaintiff's—contacts with the forum state." *North v. Ubiquity, Inc.*, 72 F.4th 221, 225 (7th Cir. 2023); *see also Purdue Rsch.*, 338 F.3d at 780 ("Notably, it must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity").

Personal jurisdiction may be either general or specific.  *See Daimler AG v. Bauman*, 571 U.S. 117, 126–28 (2014); *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 878 (7th Cir. 2019). Neither side argues that the Court can exert general jurisdiction over Moving Defendants 21, 22, 23, 25, and 26, so the Court focuses on the specific jurisdiction analysis.  Specific jurisdiction is "case-linked."  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  "[T]he suit must arise out of or relate to the defendant's contacts with the forum," meaning "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Id*. (quoting *Goodyear*, 564 U.S. at 919).  Here, to establish minimum contacts that create specific personal jurisdiction, the Moving Defendants must have purposefully directed their activities at Illinois or purposefully availed themselves of the privilege of conducting business in Illinois, and Roadget's alleged injury must arise out of or relate to the Moving Defendants' forum-related activities.  *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021).

Moving Defendants 21, 22, 23, 25, and 26 submitted declarations confirming they have not sold, advertised, or promoted any Accused Product in Illinois.  These Moving Defendants also assert they do not have any business operations such as bank accounts, office facilities, employees, agents, or inventories in Illinois.  While Roadget alleged in the complaint that it believed that all Defendants made sales in Illinois, in its response to the motion to dismiss, Roadget failed to present any evidence challenging these Moving Defendants' declarations. Without any evidence of a connection to Illinois, then, the Court cannot exercise specific personal jurisdiction over Moving Defendants 21, 22, 23, 25, and 26.  *See Tavel v. Riddle*, No.

20 CV 6805, 2021 WL 1121120, at *5 (N.D. Ill. Mar. 24, 2021) (granting motion to dismiss for lack of personal jurisdiction where the plaintiff failed to rebut the defendant's affidavit stating there was no connection between his Illinois contacts and the claim at issue).

However, Roadget asserts an additional basis for jurisdiction—Rule 4(k)(2). Rule 4(k)(2) provides courts with the right to exercise personal jurisdiction over "persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001), as amended (July 2, 2001). To establish jurisdiction under Rule 4(k)(2), the plaintiff must show: "(1) the plaintiff's claims [are] based on federal law; (2) no state could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction [is] consistent with the laws of the United States; and (4) the exercise of jurisdiction [is] consistent with the Constitution." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

The parties do not dispute that federal law, namely the Copyright Act, underlies Roadget's claims. Defendants 21, 22, 23, 25, and 26 assert two different reasons why they contend that Rule 4(k)(2) does not apply in this case, however. Defendants 23 and 26 argue that Roadget cannot meet the requirement that no state can exercise jurisdiction over them because they have identified Delaware and Michigan, respectively, as states that could exercise jurisdiction over them. Indeed, the Seventh Circuit has explained that "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Int'l*, 256 F.3d at 552. Following this, courts have found that simply identifying another state is sufficient because doing so amounts to waiver of personal jurisdiction in that state. *See Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified*

*on Schedule "A"*, No. 20 C 4806, 2022 WL 2208827, at \*2 (N.D. Ill. June 21, 2022) (holding that Rule 4(k)(2) did not allow the court to exercise jurisdiction over a defendant that conceded that it had sufficient minimum contacts with California when responding to the court's order for a statement regarding its corporate status); *God, Fam. & Country LLC v. Marcrest Mfg., Inc.*, No. 08-3140, 2009 WL 484964, at \*3 (C.D. Ill. Feb. 25, 2009) (finding that Rule 4(k)(2) did not permit the court to exercise personal jurisdiction because the defendant named Michigan as a state where it agreed to be subject to personal jurisdiction).  *But see MediaZam LLC v. Voices.com, Inc.*, No. 20-CV-1381-PP, 2022 WL 993570, at \*13 (E.D. Wis. Mar. 31, 2022) (finding "the simple fact that [the defendant] has identified [another state] as an alternative forum" does not require dismissal when applying Federal Circuit law because the defendant must do more to show that it could have been sued in the alternate forum).  Here, Defendants 23 and 26 assert that they are subject to jurisdiction in Delaware and Michigan, respectively, because they have made sales of the Accused Products in these states.  Therefore, Rule 4(k)(2) does not allow the Court to exercise personal jurisdiction over Defendants 23 and 26.

Defendants 21, 22, and 25 separately argue that they have not made any sales of the Accused Products anywhere in the United States, so they do not have minimum contacts to make exercise of jurisdiction over them consistent with the Constitution.  Under Rule 4(k)(2), the Court must consider "a defendant's contacts with the nation as a whole."  *Shenzhen Wanfan Tech. Co. v. Orbital Structures Pty Ltd.,* No. 23-CV-02330, 2024 WL 325339, at \*5 (N.D. Ill. Jan. 29, 2024).  "While Rule 4(k)(2) applies a broader geographic standard for which contacts are relevant, the minimum in the 'minimum contacts' that are constitutionally sufficient to support general or specific jurisdiction is the same."  *Abelesz v. OTP Bank*, 692 F.3d 638, 660 (7th Cir. 2012).  Defendants 21, 22, and 25 have provided evidence of their lack of sales of the

Accused Products in the United States. *See* Doc. 27-1. Roadget has not provided any evidence to suggest otherwise. Without any evidence of sales to, or any other kind of contact with, the United States broadly, Roadget has not carried its burden to show that the Court can exercise jurisdiction over Defendants 21, 22, and 25 under Rule 4(k)(2). *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (declining to exercise jurisdiction under Rule 4(k)(2) where the plaintiff "has not brought to [the court's] attention any contacts that REE itself had with the United States other than those with Illinois").

Roadget, in its surreply, asks that the Court transfer the case pursuant to 28 U.S.C. § 1631 instead of dismissing any Defendants over which it cannot exercise personal jurisdiction. Section 1631 provides that the Court shall, "if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. "If a plaintiff may, on its own, refile its case in a proper forum, the interests of justice do not demand transfer." *North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023) (quoting *Danziger v. De Llano*, 948 F.3d 124, 133 (3d Cir. 2020)). Here, the statute of limitations does not stand as a bar to refiling.[6] Therefore, the Court does not find that the interests of justice require transfer under § 1631 and so dismisses Defendants 21, 22, 23, 25, and 26 without prejudice for lack of personal jurisdiction.

### B. Improper Service

Defendants 3, 9, 10, 13, 14, 15, 16, 17, 18, and 19 move for dismissal under Rule 12(b)(5) for improper service, arguing that Roadget failed to conduct a reasonably diligent search

---

[6] Additionally, the Court does not know of another court where Roadget could bring the claims against Defendants 21, 22, and 25 given the lack of evidence that these Defendants made any sales of the Accused Products in the United States.

for the Moving Defendants' physical addresses and therefore should not have been permitted to serve them by email. Rule 12(b)(5) motions "challenge the sufficiency of the manner in which the process was served." *Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 821 (N.D. Ill. 2019). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Because the Moving Defendants are Chinese companies, the Court looks to Rule 4(f) to determine the methods of proper service. Rule 4(f) presents several different options for proper service, including "by any other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Courts regularly find that Rule 4(f)(3) may include email service. *See, e.g.*, *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021) (collecting cases).

The Moving Defendants do not question whether plaintiffs generally may use email as a method of service, instead arguing that it was improper in this instance because Roadget failed to exercise reasonable diligence in locating their physical addresses. While some courts require plaintiffs to exercise reasonable diligence to find defendants' addresses before allowing plaintiffs to effectuate service by email, it is not required. *See Oakley, Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 20-CV-05049, 2021 WL 2894166, at *4 (N.D. Ill. July 9, 2021) (finding that while the plaintiffs did not exercise reasonable diligence to find defendants' addresses, service by email was still proper under Rule 4(f)(3)).

Courts have permitted parties to serve defendants via email when the defendants' physical addresses were not available on the seller's platform. *See Hangzhou Chic*, 2021 WL 1222783, at *2 (finding email service appropriate in part because "it [was] not clear that Gyroor

10

and Tomoloo provided addresses on their Amazon websites at the time Plaintiffs filed their motion for email service"). That is the argument Roadget makes here, contending that it acted diligently to find the Moving Defendants' addresses on Temu but that they were unavailable at the time Roadget requested service of process by email in connection with its motion for the TRO. In response, the Moving Defendants provide screenshots of their store pages on Temu that include their physical addresses. But because the Moving Defendants' screenshots do not include a date, they do not rebut Roadget's assertion that their physical addresses were not available at the time Roadget sought service of process by email.[7] Taking the facts in the light most favorable to Roadget, the Court finds Roadget sufficiently served the Moving Defendants pursuant to Rule 4(f)(3). *See Klauber Bros., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 23 C 10407, 2024 WL 182209, at *1 (N.D. Ill. Jan. 17, 2024) (finding service properly executed where the plaintiff sent the defendant a link to a website containing the complaint, summons, TRO, motion for the TRO, a declaration supporting the motion for the TRO and the motion to seal and later served notice of the motion for preliminary injunction with accompanying papers via email). Therefore, the Court denies the Moving Defendants' motion to dismiss for improper service.

## II. Motion for Severance

In the alternative, the Moving Defendants have moved to sever Roadget's claims against them, insisting that Roadget improperly joined Defendants. Under Rule 20, a plaintiff may join multiple defendants in a single action if: (1) the claims against them are asserted "with respect to

---

[7] In its reply brief for the motion for preliminary injunction, Roadget provided screenshots from Defendants 4, 7, 8, and 12's Temu pages showing that the pages only listed "Mainland China" for an address. *See* Doc. 75-4. Roadget asserts that it took those screenshots at the time it filed its reply on March 14, 2024. While none of these Defendants joined the motion to dismiss for failure to serve, the screenshots do support Roadget's argument that the Moving Defendants may not have had their store addresses publicly available at the time Roadget filed its suit.

or arising out of the same transaction, occurrence, or series of transactions or occurrences," and

(2) a "question of law or fact common to all defendants" exists. Fed. R. Civ. P. 20(a)(2)(A)–(B).

When applying Rule 20, "[a] district judge necessarily has considerable discretion." *UWM*

*Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). However, this discretion is not

unlimited as "[u]nrelated claims against different defendants belong in different suits." *Id.* "The

remedy for misjoinder of otherwise proper claims is severance or dismissal without prejudice."

*Id.*; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just

terms, add or drop a party. The court may also sever any claim against a party.").

Claims against different defendants arise out of the same transaction or occurrence when

"there is a logical relationship between them." *Tang v. P'ships & Unincorporated Ass'ns*

*Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332, at *1 (N.D. Ill. Jan. 4, 2024). "Such a

relationship requires shared, overlapping facts that give rise to each cause of action, and not just

distinct, albeit coincidentally identical, facts." *Id.* For instance, a logical relationship between

defendants exists where defendants are corporately related. *Hangzhou Chic*, 2021 WL 2690873,

at *1. Here, Defendants 14 and 17 have common ownership and Defendants 15 and 16 have

common ownership, so joinder would be proper for those Defendants.[8] *Cf. Art Ask Agency v.*

*Individuals, Corps., Ltd. Liab. Cos, P'ships, & Unincorporated Ass'ns Identified on Schedule*

*"A"*, No. 21-CV-06197, 2021 WL 5493226, at *2 (N.D. Ill. Nov. 23, 2021) ("Where defendants

are not affiliated with one another, there is no evidentiary overlap in proving that both defendants

are liable for the alleged infringement.").

Roadget's allegations fall short in establishing a logical relationship among the remaining

Defendants. Roadget asserts that Defendants all participated in the same mass infringement of

---

[8] The Moving Defendants also acknowledge the common control of Defendants 22 and 23, but the Court
has dismissed both Defendant 22 and 23 for lack of personal jurisdiction.

one of Roadget's six copyrights by selling products on the same online platform, Temu. Courts in this district generally agree that alleging that multiple defendants have infringed on the same copyright in the same way does not create the substantial evidentiary overlap required to find a similar transaction or occurrence. *See Tang*, 2024 WL 68332, at *2 ("Essentially, Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in the same way. That is not sufficient to link one defendant's infringement to another as part of the same transaction, occurrence, or series of transactions or occurrences."); *Art Ask Agency*, 2021 WL 5493226, at *2 (finding that defendants' use of the same domain name registration patterns, unique shopping chart platforms, or similar hosting services does not show that a logical relationship exists among defendants); *Rudd v. Lux Prod. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, No. CIV.A. 09-CV-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20."). This is especially true here because "not all the defendants used and sold the same [copyrighted] images." *H-D U.S.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-01041, 2021 WL 780486, at *3 (N.D. Ill. Mar. 1, 2021).

Where courts in this district have found joinder of multiple defendants in copyright or trademark cases appropriate, the plaintiffs provided more evidence tying the defendants together than what Roadget has presented. For example, in *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, the court permitted joinder of seventeen defendants alleged to have infringed on Bose's trademark by selling counterfeit versions of its products based on a theory that Bose's harm arose because defendants acted as a "swarm" of counterfeiters, aided by their anonymity and the mass reach afforded by the internet. 334 F.R.D. 511, 516 (N.D. Ill. 2020). The *Bose* court relied on testimony about the difficulty of

13

prosecuting defendants given that many manufacturers are "small-time operations, sometimes operating out of apartments," which "continue to simply pop up somewhere else" if they are ultimately tracked. *Id.* at 517; *see also Tang*, 2024 WL 68332, at *3 (distinguishing *Bose* because in *Bose*, the "essence of the dispute" was infringement en masse, not "instances of infringement by distinct competitors."). Further, the *Bose* court also acknowledged that practical considerations, including that "[p]robably none of the Defendants would ever make an appearance in this case and the default judgment process will determine the case's outcome in its entirety," supported keeping the defendants together. *Bose*, 334 F.R.D. at 517. Roadget has not argued or provided any suggestion that its harm arose from the "swarm" of infringement caused by Defendants, and at least the Moving Defendants have appeared here to contest Roadget's claims, so *Bose*'s reasoning does not apply.

Roadget's arguments instead more closely follow the arguments that the *Bose* court found insufficient to support the mass joinder of defendants in a similar copyright case. The *Bose* court rejected arguments that the defendants' use of identical websites supported joinder, finding that "even if the webpages were all identical, that would not overcome the likelihood that Defendants are just copycats, both of the Bose style—which is precisely the claim here—and of each other." *Id.* at 514; *see also Art Ask Agency*, 2021 WL 5493226, at *2 (holding similarities among defendants' websites do not suggest a logical relationship between every defendant). The same reasoning applies to Roadget's argument that Defendants all relied on Temu as the platform to sell its products. While the *Bose* court recognized that evidence of defendants' communications through chatrooms and websites could support joinder, it ultimately found that plaintiff failed to prove those communications existed. *Id.* Roadget has not presented evidence that Defendants

shared information about how to successfully sell counterfeit products or evade legal enforcement through online chatrooms or other means.

Roadget's final arguments as to the propriety of mass joinder in this case rely on judicial efficiency. Roadget argues that severing the case here would create at least fifteen different lawsuits, which would overwhelm the Court's docket. But, as other courts have recognized, "presenting dozens or hundreds of defendants in one lawsuit actually undermines judicial economy, because this Court must evaluate the evidence submitted in support of liability and, eventually, damages." *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 189 (N.D. Ill. 2020).

Without any valid basis to find that the claims against Defendants arise from the same transaction, occurrence, or series of transactions or occurrences, the Court finds that Roadget improperly joined Defendants in one lawsuit under Rule 20(a)(2). Accordingly, the Court dismisses Defendants 2 through 21 and Defendant 24 without prejudice for improper joinder.[9] *See Tang*, 2024 WL 68332, at *3 (dismissing without prejudice the improperly joined defendants).

## CONCLUSION

The Court grants in part Defendants' motion to dismiss [43]. The Court dismisses Defendants 21, 22, 23, 25, and 26 without prejudice for lack of personal jurisdiction. The Court grants Defendants' motion to sever [43]. The Court dismisses Defendants 2 through 20 and Defendant 24 without prejudice for improper joinder. The Court grants Roadget's motion for

---

[9] The Court does not need to sever Defendants 21, 22, 23, 25, or 26 because it dismissed those Defendants for lack of personal jurisdiction.

leave to file a surreply [81]. The Court denies Defendant 10's motion for referral to the Register of Copyrights under 17 U.S.C. § 411(b)(2) [68] as moot.


Dated: April 29, 2024

SARA L. ELLIS
United States District Judge